IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLASS E. HOWARD, JR.,** | : | |
| | : | |
| Plaintiff | : | Civil Action No. 1:08-cv-01641 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **LASALLE BANK and** | : | |
| **THE COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court is Plaintiff Douglass Howard, Jr.'s motion for leave to proceed *in forma pauperis*. (Doc. No. 5.) For the reasons that follow, the Court will grant Howard's motion for leave to proceed *in forma pauperis* and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune from such relief.

**I.    BACKGROUND**

Plaintiff Douglass Howard, Jr., proceeding pro se, initiated the above-captioned action on September 3, 2008, with the filing of a complaint against LaSalle National Bank Association and the Commonwealth of Pennsylvania. (Doc. No. 1 at 1.) As Howard explains in the civil cover sheet, the gist of his claim is that the "courts in Pennsylvania failed to follow the law in both sales of property and against recovery appeals." (Doc. No. 1-2 at 1.) Accompanying the complaint was a motion for leave to proceed *in forma pauperis* (Doc. No. 2), which the Court subsequently struck for failure to include a statement of financial liabilities (Doc. No. 4). Howard filed the instant motion for leave to proceed *in forma pauperis* on October 10, 2008.

## II.     DISCUSSION

### A.     Leave to Proceed *In Forma Pauperis*

The *in forma pauperis* statute, 28 U.S.C. § 1915, is "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." Adkins v. E. I. Du Pont De Nemours & Co., 335 U.S. 331, 342 (1948) (citation omitted).  28 U.S.C. § 1915(a)(1) provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

In the courts of this circuit, leave to proceed in forma pauperis is based on a showing of indigence. Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995).  In seeking such leave, a plaintiff must file an affidavit of poverty with the court, disclosing each and every source of income, financial account, or valuable property, as well as any regular expenses or outgo in support of dependent persons.  The court then conducts a thorough review of the

---

[1] Obviously, the use of the word "prisoner" in this particular section of the statute could present something of a quandary for non-prisoners such as Howard inasmuch as the statute, on its face, appears to apply exclusively to prisoners.  It is well established, however, that § 1915 permits any indigent person, free or incarcerated, to proceed in forma pauperis. See, e.g., Floyd v. U.S. Postal Serv., 105 F.3d 274, 276 (6th Cir. 1997) ("Having reviewed the legislative history of the Act, applied the basic axioms of statutory interpretation, and used a little common sense, we conclude that § 1915 permits individuals who are not incarcerated to continue to proceed as paupers in federal court." Id. at 275), overruled on other grounds by Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999).

affidavit and, if it finds that the plaintiff is without sufficient resources to pay the costs and fees of the proceeding, grants the plaintiff leave to proceed *in forma pauperis*. Id.

In his affidavit, Howard indicates that he is sporadically employed, having earned less than $50 in "royalties" within the past twelve months. (Doc. No. 5 at 2.) His only assets are an inoperable automobile and $20 in United States currency. (Id.) Howard further indicates that his student loans and credit card account are in default and that "bankruptcy is a possibility in [the] near term." (Id. at 3.) Based upon these representations, the Court finds that Howard is without sufficient resources to pay the costs and fees of the proceeding. Accordingly, the Court will grant Howard's motion for leave to proceed *in forma pauperis*.

### B. Merits Analysis Under § 1915(e)(2)(B)

Having determined that Howard is entitled to proceed *in forma pauperis*, the Court is next required to assess the sufficiency of his complaint under 28 U.S.C. § 1915(e)(2)(B) prior to service of process. See 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) mandates that

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal—
>   (i)   is frivolous or malicious;
>   (ii)  fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Thus, once a court grants a litigant leave to proceed in forma pauperis, it must next consider whether the case is legally frivolous or otherwise deserving of sua sponte dismissal. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). By almost any measure, § 1915(e)(2)(B) represents an exceptional grant of authority, for, as the Supreme Court has

observed, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

### 1. Standard of Review

In considering whether to dismiss a case under 28 U.S.C. § 1915(e)(2)(B), courts apply the same standards as they would for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Thus, district courts must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff," Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006), and then "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief," Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). Although review is generally limited to the face of the complaint, courts may also look beyond the pleadings to "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d. Cir. 1997). In any event, courts need not "credit a complaint's 'bald assertions' or 'legal conclusions.'" Evancho v. Fisher, 423 F.3d 347, 354–55 (3d Cir. 2005).

Reflecting upon the Supreme Court's recent decision in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007), in which the Court disavowed the "no set of facts" language from Conley v. Gibson, 355 U.S. 41 (1957), the Third Circuit Court of Appeals has cautioned that "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Phillips v. County of

Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (alteration in original) (quoting Twombly, 127 S. Ct. at 1969 n.8).  The Third Circuit has interpreted *Twombly*'s emphasis on "plausibility" to mean that the complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  Phillips, 515 F.3d at 234 (alteration in original) (quoting Twombly, 127 S. Ct. at 1965).  At a minimum, the factual allegations in the complaint must be sufficiently developed so as to "provide a defendant the type of notice of claim which is contemplated by Rule 8."  Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips, 515 F.3d at 233).

Despite these new contours, the Third Circuit continues to advocate its long-standing formulations of the appropriate standard of review from *Buck* and *Pinker*, quoted above. Umland, 542 F.3d at 64.  In sum, district courts must "accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted."  Id.

### 2. Howard's Complaint

The Court is mindful of its obligation to read the pleadings of pro se litigants such as Howard with lenity.  See  United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992) (noting that the allegations of the pro se complaint should be held to less stringent standards than those drafted by lawyers).  In the caption of the complaint, Howard names as defendants "LaSalle National Bank Association, as Trustee Under the Pooling and Service Agreement Dated as of April 1, 2002, Among Asset-Backed Funding Corporation, Litton Loan Servicing, LP and LaSalle Bank National Association, ABCF Asset-Backed Certificates, Series 2002-SBJ 4828 Loop Central Drive Houston, TX 77081-2226 and the Commonwealth of Pennsylvania."  (Doc. No. 1 at 1.)

None of those defendants, however, is so much as mentioned in the complaint. (See generally Doc. No. 1 at 1–5.) Instead, Howard directs his claims against "the Courts of the Commonwealth of Pennsylvania," both of which, he alleges, "have essentially committed two egregious errors of judgment." (Id. at 2; see also Doc. No. 1-2 at 1 (alleging that the "courts in Pennsylvania failed to follow the law in both sales of property and against recovery appeals") At the heart of those claims is the auction or "sheriff sale," since completed, of certain real property in Harrisburg, Pennsylvania, pursuant to a judgment in rem of the Court of Common Pleas of Dauphin County. (Doc. No. 1 at 2–3.)

      According to Howard, "[a]t Dauphin County Court, Judge Hoover dismissed [his] corollary [sic] attack on the sale and it was appealed to the Pennsylvania Superior Court." (Id. at 3.) The Superior Court "recognized this as a VOID matter," which "led directly to the filing of another attack on the sale of the property" in the Court of Common Pleas (Id. (capitalization in original).) This attack appears to have consisted of "two separate requests for default judgment at Dauphin County Court, both [of which were] given to Judge Hoover who . . . eventually dismissed the case as 'previously litigated.'" (Id.) Howard again appealed the matter to the Superior Court, but, despite assurances from the panel during oral argument that "they understood the appeal was a pro se submitted document, . . . [o]nce in private, the Superior Court dismissed the appeal stating in [its] judgment that [it] did not like the formatting, etc." (Id. at 4.) The Supreme Court of Pennsylvania subsequently denied Howard's petition for allowance of appeal and "issued an order claiming the appeal of th[e] dismissal was another reconsideration attempt." (Id. at 4.)

Howard seeks various forms of equitable and legal relief, including the issuance of "an order recognizing the sale of the property in question as a void sale," the issuance of "a judgment recognizing the absolute contempt in which the involved courts of the Commonwealth of Pennsylvania have acted," and the award of "a substantial punitive fine for violating [his] due process rights . . . to be levied against the courts involved within the Commonwealth of Pennsylvania." (Id. at 4.)  After studying the complaint at considerable length, the Court can only conclude that Howard means to appeal one or all of the final state-court judgments cited in his complaint or, in the alternative, that Howard means to assert claims against the individual state judges who presided over the state-court proceedings and allegedly acted to deprive him of his constitutional rights, named defendants notwithstanding.

Insofar as the complaint purports to appeal one or all of the final state-court judgments, this Court lacks subject-matter jurisdiction over such judgments pursuant to the *Rooker-Feldman* doctrine.  See District of Columbia Court v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The Third Circuit Court of Appeals "has described the *Rooker- Feldman* doctrine as precluding lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts."  Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000).  A federal action and a state adjudication are inextricably intertwined where "federal relief can only be predicated upon a conviction that the state court

was wrong." Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir. 1989). Such is the case with this action.

Furthermore, insofar as the complaint purports to assert claims against the individual state judges, such claims are barred by the doctrine of judicial immunity. It is a well-settled principle that judges are generally immune from suit, Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam), "even when the judge is accused of acting maliciously and corruptly," Pierson v. Ray, 386 U.S. 547, 554 (1967), or "the action he took was in error," Stump v. Sparkman, 435 U.S. 349, 356 (1978). There are only two exceptions to this principle: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11–12 (citations omitted). None of the allegations in the complaint would render the individual state judges subject to either exception.

For the foregoing reasons, the Court will grant Howard's motion for leave to proceed *in forma pauperis* and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune from such relief. An order consistent with this memorandum will issue separately.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOUGLASS E. HOWARD, JR.,** | : | |
| | : | |
| Plaintiff | : | Civil Action No. 1:08-cv-01641 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| LASALLE BANK and | : | |
| THE COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, on this 24th day of 2008, upon due consideration of Plaintiff Douglass Howard, Jr.'s motion for leave to proceed *in forma pauperis* (Doc. No. 5), and for the reasons set forth in the memorandum filed herewith, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Douglass Howard, Jr.'s motion for leave to proceed *in forma pauperis* (Doc. No. 5) is **GRANTED**;

2. The complaint (Doc. No. 1) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune from such relief;

3. Because doing so would prove futile, Howard will not be permitted leave to amend the complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) ("[P]laintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile.");

3. The Clerk of Court is directed to enter judgment for Defendants LaSalle Bank and the Commonwealth of Pennsylvania and close the file.

                                                       S/ Yvette Kane

                                                          Yvette Kane, Chief Judge  
                                                         United States District Court  
                                                         Middle District of Pennsylvania